UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

AKIM F. CZMUS                         :
                                      :
        v.                            :    C.A. No. 09-373S
                                      :
UNITED STATES OF AMERICA,             :
et al.

### REPORT AND RECOMMENDATION
### FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)

Lincoln D. Almond, United States Magistrate Judge

**Background**

On August 17, 2009, Plaintiff Akim F. Czmus filed a fifty-two page, thirty-two count pro se Complaint against the United States of America, the Department of Homeland Security and over 500 individuals (and some entities) whom he claims were all employed as agents of the Department of Homeland Security to conduct "security and surveillance operations." (Document No. 1, ¶¶ 2-5). Plaintiff also filed an Application to Proceed without Prepayment of Fees including the $350.00 case filing fee pursuant to 28 U.S.C. § 1915. (Document No. 3). Plaintiff's Application was referred to me for determination. 28 U.S.C. § 636; LR Cv 72. After reviewing Plaintiff's Application and Supplemental Financial Affidavit (Document No. 5) both signed under penalty of perjury, I concluded that Plaintiff is financially unable to pay the fees and costs of this proposed civil case and thus, Plaintiff's Application to Proceed Without Prepayment of Fees (Documents No. 2) was GRANTED.

On December 10, 2009, Plaintiff moved for default judgment due to Defendants' claimed failure to answer his Complaint in a timely fashion. (Document No. 8). However, on November 4, 2009, the United States of America moved for an extension until December 11, 2009 to respond to Plaintiff's Complaint. (Document No. 6). That motion was granted for good cause shown on November 9, 2009

and, on December 11, 2009, the United States of America filed a timely response to Plaintiff's Complaint in the form of a Motion to Dismiss. (Document No. 9). In its Motion to Dismiss, the United States of America contends that the allegations in Plaintiff's Complaint "involve fanciful and delusional scenarios" and that it should be dismissed as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i) and Rule 12(b)(6), Fed. R. Civ. P. Id. Plaintiff filed his response to the Motion to Dismiss on December 29, 2009. (Document No. 10). The Motion to Dismiss has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. For the following reasons, I recommend that the United States of America's Motion to Dismiss (Document No. 9) be GRANTED.

**Facts**

Plaintiff's Complaint outlines numerous incidents which all appear to arise out of an alleged "deliberate conspiracy" whereby "Defendant Department of Homeland Security agents planned and conspired together to systematically destroy Plaintiff's personal and professional lives by continuously and relentlessly conducting baseless surveillance and attempting to cause Plaintiff to question whether or not he was mentally ill." (Document No. 2, ¶ 337). For example, Plaintiff alleges identity theft whereby Defendants' "training software utilized Plaintiff's actual life and communications, and Defendants repeatedly intercepted communications, created fictional communications resulting in damage to Plaintiff's reputation [and] interpersonal relationships." (Document No. 1, ¶ 61). He alleges "breaking and entering through use of virtual imaging deliberately to disturb" him. Id., Count XIII. In particular, he alleges that the Department of Homeland Security developed "virtual imagery" which it used "to hide possessions in his home and to confuse him on a daily basis." Id., ¶¶ 158-159. Plaintiff also alleges that he has been subjected to "ongoing hypnosis and mind control," the "alteration" of his car "to interfere with its acceleration, ability to stop," and of his mirrors so that he was "unable to judge distances," causing "multiple accidents," and "attempted murder by the use of hypnosis in his apartment

and on the way to [a] doctor's appointment...including deliberate attempts to cause him to have a fatal automobile accident." Id. Finally, Plaintiff alleges fraud and deceit regarding his rental of an apartment in East Providence. (Document No. 2, Count XXIX). He claims that the rental was a "sham" and that the Department of Homeland Security was behind the "sham" and had the goal of deceiving Plaintiff into "renting a facility disguised as an apartment which was equipped with the most sophisticated surveillance equipment available and that also permitted Defendant agents constant unfettered access to the Plaintiff including all his possessions." Id., ¶ ¶ 377-380.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action filed *in forma pauperis* is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i).

A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The purpose of § 1915(e) is to prevent the wasting of judicial and private resources on baseless lawsuits which a "paying litigant" would likely not initiate, and it gives the Court the "power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. A "clearly baseless" claim includes those that are "fanciful," "fantastic" or "delusional." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the

wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Id. at 33.

**Discussion**

This Court is recommending that Plaintiff's Complaint filed on August 17, 2009 be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, the Court has taken all of the allegations in Plaintiff's Complaints as true and has drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed the Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

The Court has thoroughly reviewed Plaintiff's Complaint and the attached Exhibit which lists several hundred individuals and entities who are alleged to have been agents of the Department of Homeland Security and participants in the elaborate conspiracy targeting him. An objective reading of his allegations as a whole reasonably leads to the conclusion that they are "clearly baseless" and "frivolous" as those terms have been defined by the Supreme Court in the Neitzke and Denton cases discussed above.

In 2008, Plaintiff filed a distinct but similar Complaint in the Eastern District of Pennsylvania. See Czmus v. Meehan, C.A. No. 08-1675, 2008 WL 4361046 (E.D. Pa. Sept. 24, 2008). In that case, Plaintiff sued officials of the Department of Homeland Security and hundreds of alleged agents alleging a "far-reaching and elaborate conspiracy against him." Id. at *2. Ultimately, the Court dismissed Plaintiff's Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) finding that his allegations as a whole rose to the level of "wholly incredible." Id. at *3. Although the specific allegations in the Pennsylvania case are different from those in this case, there are sufficient parallels to warrant similar

treatment. In both cases, Plaintiff alleges that he was the target of an elaborate conspiracy backed by the Department of Homeland Security which included unlawful surveillance and harassment. As noted above, Plaintiff alleges in this case that he was the victim of a "sham" rental of an apartment outfitted with surveillance devices. In the Pennsylvania case, he similarly alleged a scheme to gain access to his residence. In particular, he claimed that the Department of Homeland Security installed electronic devices on the roof of a residence and arranged a "sham sale" of the property to "straw buyers." He claimed that he then bought the property and that Homeland Security agents continued to access the property without his permission. When read in the context of Plaintiff's Complaint as a whole, both "sham" transactions are inherently incredible on their face.

In the Pennsylvania case, District Judge Stanley Chesler dismissed Plaintiff's Complaint <u>sua sponte</u> but did so without prejudice declining "to perform the task of separating the possible wheat from the abundant chaff" and instructing Plaintiff that he may himself pare down and refile his Complaint with only "non-frivolous claims." There is no record that Plaintiff took Judge Chesler's advice and attempted to refile a more limited Complaint in Pennsylvania. Also, there is no record that Plaintiff appealed Judge Chesler's dismissal order. Rather, less than one year later, Plaintiff filed another far-reaching Complaint in this District which similarly alleges an inherently incredible conspiracy theory. In view of Plaintiff's failure to heed Judge Chesler's advice and to make any good faith effort to separate "the possible wheat from the abundant chaff," I recommend that the District Court dismiss the instant Complaint <u>with prejudice</u> so that Plaintiff does not waste additional judicial resources by filing yet another implausible and frivolous conspiracy complaint in this District or some other Court.[1]

---

[1] Although the Court has given some deference to Plaintiff's <u>pro se</u> status, he is somewhat different from the typical <u>pro se</u> litigant because he graduated from law school in 1995 and was a practicing attorney for a period. However, Defendants point out in their brief (Document No. 9 at p. 6, n.4) that Plaintiff was disbarred in New Jersey and Pennsylvania. <u>See</u> <u>Office of Disciplinary Counsel v. Czmus</u>, 889 A.2d 1197 (Pa. 2005) (holding that Czmus' "misconduct and continuous pattern of deceit and dishonesty warrants disbarment"); and <u>In the matter of Akim F. Czmus, An Attorney at Law</u>, 790 A.2d 842 (N.J. 2002) (revoking Czmus' license to practice law for making a false statement

**Conclusion**

For the reasons stated, I recommend that Plaintiff's Complaint be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 11, 2010

---

of material fact to disciplinary authorities and engaging in conduct involving dishonesty, fraud, deceit or misrepresentation).